

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEGRITY DOCS, LLC, CONSUMER LEGAL GROUP, P.C., RICHARD NODELMAN, and MICHAEL WILLIAMS,<br><br>    Defendants. | Case No. CV23-3679-RGK(MAAx)<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants Integrity Docs, LLC ("Integrity Docs"), Consumer Legal Group, P.C. ("Consumer Legal"), Richard Nodelman ("Mr. Nodelman"), and Michael Williams ("Mr. Williams"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1.  As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years,

representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2.  Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3.  This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls concerning debt relief and debt verification services.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5.  This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the state of California. Specifically, the Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6.  Plaintiff has an area code of 424 and previously resided within this District. The area code 424 is located within this District. Defendants directed their actions at this District by calling Plaintiff who has a 424 area code.

7.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois. Plaintiff previously resided within this District in Torrance, California.

9.  Defendant Integrity Docs, LLC ("Integrity Docs") is a Florida LLC, with a principal address of 964 Cypress Dr Delray Beach, FL 33483, and a registered agent of Richard Nodelman, located at the same address.

10. Defendant Consumer Legal Group, P.C. ("Consumer Legal") is a New York entity, with a registered agent of USACORP, Inc, and is located at 325 Division Ave, Ste 201, Brooklyn, NY, 11211.

11. Defendant Richard Nodelman ("Mr. Nodelman") is a member of Defendant Integrity Docs and is located at 964 Cypress Dr Delray Beach, FL 33483.

12. Defendant Michael Williams ("Mr. Williams") is a member of Defendant Integrity Docs and is located at 6170 Lake Lodge Dr Apt 4203 Winter Garden, FL 34787.

13. Defendants are each a person as defined by 47 U.S.C. § 153(39).

14. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

16. The TCPA makes it unlawful to make calls using an automatic telephone dialing system ("ATDS") without the call recipient's prior express consent.

17. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific

seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

21. Under the TCPA, an individual may be personally liable for the acts alleged in the Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*" (*emphasis* added)

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16

1  (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

24. Employees can be held liable in TCPA actions for unlawful conduct.

25. The individual defendant in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

26. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## FACTUAL ALLEGATIONS

27. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

28. Plaintiff is the account holder and customary user of his phone number.

29. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

30. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

31. Plaintiff also alleges that Defendants may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

32. **Call 1.** On or about May 12, 2023, at 11:51 AM Chicago time, Plaintiff received a telephone call from Defendants, from 619-489-1031.

33. Plaintiff missed this call.

34. Defendants left a pre-recorded voicemail, of a female, advertising the services of the Defendants debt resolution services. The voicemail provided a call back number different than the telephone number which called Plaintiff.

35. A rough transcription of the voicemail left by the Defendants is as follows: "Hi there I'm with the financial hardship department at debt-free living and I've been assigned to assist you with your recent application for hardship assistance so I've reviewed your application and am pleased to inform you that you've been approved for up to $37,000 in financial support our program is designed to provide unique opportunities to those facing financial difficulties so give us a call back at 1-833-214-0582 within the next three business days in order to secure your approval once again that number to call is 1-833-214-0582 will be available during normal business hours between 10 AM and 7 PM eastern…"

36. Although Plaintiff is located in Bolingbrook, Illinois, and Defendants are foreign Defendants, venue is proper in this District. Plaintiff previously resided within this District, in Torrance, California, from 1996 to approximately 2014. Plaintiff maintains a 424 telephone number, and that is the telephone number called by the Defendants. *See Luna v. Shac, LLC*, 2014 U.S. Dist. LEXIS 96847, *11 (N.D. Cal. July 14, 2014) (finding purposeful direction "where Shac intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California."). *Branham v. ISI Alarms, Inc*., 2013 U.S. Dist. LEXIS 124933, *28 (E.D. N.Y. Aug. 30, 2013) (holding that the defendants should have anticipated that the use of a system "to call a New York cell-phone number could subject them to being hauled into court in New York."). Plaintiff also has a prior connection to this District based upon his prior residence within it.

37. On May 12, 2023, Plaintiff called the telephone number which left the voicemail back, 619-489-1031.

38.     The telephone number which called Plaintiff has reports online concerning other telemarketing activity. *See* https://lookup.robokiller.com/p/619-489-1031 and https://800notes.com/Phone.aspx/1-619-489-1031.

39.     When Plaintiff called the number back, he spoke with a "Claudia" who transferred Plaintiff to a "Linda Thompson."

40.     Linda stated she was located within the state of Florida.

41.     The telephone call made by Defendants were for the purposes of soliciting debt resolution services.

42.     Linda Thompson stated she was working with Consumer Legal Group, who employs Aryeh Weber, located in New York City, and in legal practice since 1976, to help individuals engage in debt validation services.

43.     Linda further stated that she worked with My Debt Free Living, with a website of https://www.integritydocs.com/.

44.     Linda pulled Plaintiff's credit information, with Plaintiff's consent. Linda emailed Plaintiff from linda@integritydocs.com with a subject line of "The Consumer Legal Group From Linda Thompson."

45.     The email from Linda included a screenshot of Linda's computer screen, of the Google Chrome browser, with a website URL of consumerlegalgroup.com, as well as several bookmarks displayed on the screen, including "Leads System," "Litigation Practice…", "Home Based Debt…", and "secured party Doc…"

46.     Plaintiff believes that the reference to "Litigation Practice" includes Litigation Practice Group, which is another entity which engages in telemarketing calls.

47.     Validation Partners, LLC, has an active affirmative court case against parties including Litigation Practice Group and Integrity Docs in California state court.

48.     The website IntegrityDocs.com, which Linda emailed Plaintiff regarding, includes a footer of "Integrity Docs Debt Relief, LLC" and "Please call or complete the form to connect with an Integrity Debt Relief representative for further details."

49. Plaintiff has performed a search of the above LLC entity name and has not found a corporate entity with that name.

50. Integrity Debt Relief, LLC, exists and is incorporated in the state of California.

51. Integrity Docs, LLC, named in this action, changed its LLC name in September of 2021, from MY RX SOLUTIONS, LLC, to its current name. In the request to change names, submitted by Richard Nodelman, the website @dflnow.com is used in the request for the e-mail of the submitter.

52. A search online of My Debt Free Living reveals a Facebook page of https://www.facebook.com/people/My-Debt-Free-Living/, which includes a website of mydebtfreeliving.com and an e-mail with the @dflnow.com domain.

53. The website www.mydebtfreeliving.com includes as a footer: "I authorize Integrity Docs llc to call me and send pre-recorded messages and text messages to me about Integrity Docs products and services at the telephone number I entered above, using an autodialer, even if I am on a national or state "Do Not Call" list. Message and data rates may apply. Maximum 10 texts per month. Consent for calls & texts is optional. You can opt-out anytime. You also agree to our Terms of Service    All programs available through Integrity Docs Debt Relief LLC are made by affiliates in their network and are subject to eligibility criteria and review of creditworthiness and history. Integrity Docs Debt Relief LLC partners with one of the major law firms in the country working currently in 48 states to aid customers with Debt Relief solutions. Integrity Docs Debt Relief LLC does not guarantee residents of all states may participate within the affiliate program. Please call or complete the form to connect with an Integrity Debt Relief representative for further details.  Copyright © 2022 | Integrity Docs Debt Relief, LLC | All Rights Reserved."

54. On May 12, 2023, Plaintiff received, while he was on the telephone call with Linda, a retainer agreement to sign via Clixsign, which stated in part "Please click the

link below to complete the document. If you have any questions please consult your representative at My Debt Free Living."

55. The retainer agreement referenced Consumer Legal as being retained for the purpose of debt resolution and verification services.

56. Linda has texted Plaintiff from telephone number 321-710-0406 with references to "My Debt Free Living."

57. Defendants failed to properly identify themselves when leaving the voicemail in this action - Defendants specifically failed to identify who it was they were calling on behalf of, and Plaintiff had to engage in investigative activity in order to identify who the caller was.

58. Defendant Consumer Legal benefited from the telemarketing activities of the other Defendants in this action. Defendant Consumer Legal was the ultimate party which would benefit from the transaction because they would make money from the debt resolution services being offered.

59. Consumer Legal has been sued by other individuals in the past for similar activities. *See Gonzalez v. Consumer Legal Group, P.C.,* 3:23-cv-00187, W.D. Tex.

60. Plaintiff has submitted a Do Not Call request and a request for a copy of Defendants do not call policy to Defendant, through Linda Thompson, via e-mail on May 12, 2023.

61. This failure to identify also demonstrates the conduct alleged herein was done in a knowingly and/or willful manner.

62. Plaintiff alleges that Defendants use an ATDS for reasons including the fact that so many other individuals are receiving the same phone call.

63. Defendants website also includes reference to the use of an autodialer. https://www.mydebtfreeliving.com/.

64. The call was made for the purposes of soliciting the services of an organization which submits represents consumers for debt verification services.

65. Courts have relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc*., 164 F. Supp. 2d at 898.

66. Individual Defendants named herein engaged in the operation of the telemarketing scheme.

67. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity during the call.

68. The TCPA requires telemarketers to provide training to their employees, contractors, etc., and Defendants have failed to properly train the same.

69. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

70. Defendants' phone call left an automated or pre-recorded message on Plaintiff's telephone.

71. Plaintiff did not have a prior business relationship with Defendants.

72. Defendants did not have any consent to call Plaintiff.

73. Defendants are not an organization exempt from the TCPA.

74. Defendants' calls to Plaintiff were made for the purpose or intention of being a "telephone solicitation."

75. Defendants' calls to Plaintiff were made for the purpose or intention of being an "unsolicited advertisement."

76. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

77. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

78. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

79. In total, Defendants and/or their affiliates placed at least one (1) telephone solicitation call to Plaintiff.

80. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

81. Defendants have a pattern and practice of failing to comply with the TCPA.

82. The foregoing acts and omissions were in violation of the TCPA.

83. Defendants are engaging in violations of the TCPA to get business.

84. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

85. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

86. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

87. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

88. Plaintiff is also entitled to an award of costs.

89. Defendants' calls were not made for "emergency purposes."

90. Defendants' calls to Plaintiff were made without any prior express written consent.

91. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

92. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

93. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

94. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

95. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

96. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

97. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

98. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

F. Leave to amend this Complaint to conform to the evidence presented at trial,

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: May 12, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

-13-